

JO ANN O'CONNOR
ROBERT H. O'CONNOR
3123 HILLSIDE DR
BURLINGAME, CA 94010

### US DISTRICT COURT OF NOTHERN DISTRICT OF CALIFORNIA

**DMR**

| | |
|---|---|
| **JO ANN O'CONNOR, a woman** <br> **ROBERT H. O'CONNOR, a man** <br> *Plaintiff* <br><br> vs. <br><br> **CARRINGTON MORTGAGE SERVICES, LLC;** <br> *Defendant* | ) <br> ) **CASE No:** **CV 14 0210** <br> ) <br> ) <br> ) **VERIFIED COMPLAINT FOR** <br> ) **DAMAGES** <br> ) <br> ) <br> ) **JURY TRIAL DEMANDED** <br> ) |

**COMES NOW,** the Plaintiff **ROBERT H. O'CONNOR** complaining of the defendant(s) and each of them as follows;

### INTRODUCTION

1. This action is an action brought by the Plaintiff for violation of the Fair Credit Reporting Act, 15 USC§1681, Fair Debt Collection Practices Act, 15 USC§1692, Rosenthal Consumer Protection Act, and Defamation of Character respectively.

**I.**                      **THE PARTIES**

2. Plaintiff "**ROBERT H. O'CONNOR**" is now and at all times relevant to this action an American National. Plaintiff is a "consumer" as that term is defined within 15 USC§1692a(3).

3. Defendant "**CARRINGTON MORTGAGE SERVICES, LLC**" ("Debt Collector") is a limited liability corporation formed under the laws of the state of **California**. It has a principle place of business located at **1610 E. ST. ANDREWS**

PL., STE B-150, SANTA ANA CALIFORNIA, 92705 Defendant
**CARRINGTON MORTGAGE SERVICES, LLC** are "debt collectors' as that
term is defined by 15 USC§1692a(6).

**II.**                    <u>**JURIDICITION AND VENUE**</u>

4. The US District Court of **CALIFORNIA** has jurisdiction pursuant to 15
USC§1692 *et,* al, and 15 USC§1681p *et,* al, and the court has jurisdiction over
Plaintiffs tort state claims. Venue is proper as the Plaintiff currently resides in
**CALIFORNIA.** Therefore venue is proper in the US District Court of
**CALIFORNIA.**

**III.**                    <u>**FACTUAL ALLEGATIONS**</u>

5. Plaintiff brings this action regarding defendants and each of them continued
to attempt to collect an alleged debt defendants claim is owed to them. However
Plaintiff is without knowledge of the alleged debt defendants purport to claim is
owed.

6. On or about **February 1 , 2013**, Plaintiff received a dunning notice
(request for payment) from defendant "**CARRINGTON MORTGAGE
SERVICES, LLC**" (*see,* attached "Exhibit A"). The dunning notice makes
numerous claims by the defendant(s) to Plaintiff regarding an alleged loan,
mortgage, and or Deed of Trust. Consequently, Plaintiff is without an specific
knowledge and evidence that support defendant's claims and allegations.

7. On or about **July 29, 2013**, Plaintiff served upon them Notice of Validation
of Debt pursuant to 15 USC§1692, FDCPA. (*see,* attached "Exhibit B") The notice
required the defendant "debt collector" to validate/verify their alleged debt pursuant
to 15 USC§1692g

8. As of today the plaintiff received a response from the defendant

9. On **November 22, 2013**, Plaintiff obtained a copy of his consumer credit report from the three (3) major reporting credit bureaus Equifax, Experian, and Transunion.   Plaintiff discovered defendant **CARRINGTON MORTGAGE SERVICES, LLC** is reporting this alleged debt to all three credit reporting agencies. Plaintiff on or around **November 22, 2013**, immediately filed a dispute with the credit agencies pursuant to 15 USC§1681, the FRCA.   At the time of this filing erroneous information remains on my report.

10.   Plaintiff has suffered significant economic harm as a result of the erroneous credit reporting by each of the defendant(s).

11.   The above-detailed conduct by each of the Defendants has more to do with their deceptive and illegal acts in their attempt to collect an alleged debt, as opposed to any determined legitimacy of their alleged debt.   The FDCPA, FCRA, and **CALIFORNIA** Consumer Protection Laws relates to the defendants even if they were collecting a legitimate debt.   Plaintiffs asserts for the record Plaintiff asserts neither defendants are creditors. Neither did either defendant provide any credit to Plaintiff.   Notwithstanding each of the defendants are "debt collectors pursuant to 15 USC§1692a(6).   Plaintiffs allege the FDCPA state in part;

The term "debt collector" means any person who uses any instrumentality of Interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or du or asserted to be owed or du another. **Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.**

For the purpose of section 808(6), such term also includes any person who uses any instrumentality of interstate commerce or he mails in any business the principal purpose of which is the enforcement of security interests.

    12. Plaintiff therefore seeks damages as result of defendant's acts.

IV.                               **FIRST CAUSE OF ACTION**

**VIOLATION OF  15 U.S.C.§1681i FAIR CREDIT REPORTING ACT**
(DEFENDANT)

    13. Paragraph 1 – 13 are re-alleged as though fully set out herein.

    14. Plaintiff is "consumer" within the meaning of the FCRA, 15 U.S.C.§1681a(c).

    15. Defendant is a "DEBT COLLECTOR" are credit furnishers" within the mean of the 15 U.S.C.§1681a(c). 15 U.S.C.§1681s-2(a) prohibits furnishers from reporting inaccurate or erroneous information about consumers.  As such, it placed an affirmative duty on furnishers to correct and update information which they know, or reasonably should know, is inaccurate.  The subsection requires furnishers to flag or otherwise provide notice to credit reporting agencies of any "dispute" by a consumer related to his/her credit information history, FCRA, 15USC§1681s-2(a)(1)-(3). Plaintiff consumer credit report is a consumer report within the mean of 15 U.S. C.§1681a(d).

    16. The FCRA, 15 U.S.C 1681s-2(b) has obligations regarding credit furnishers to investigate consumers disputes.  Subsection 1681s-2(b) specifies a second set of obligations on a furnisher.   These obligations are triggered once a credit  reporting agency (CRA) notifies the furnisher that it has received a "notice of dispute' from the consumer pursuant to 15 U.S.C.§1681s-2(a)(2). After the disputes are received by a CRA from a consumer, it, in turn, is required under 15 U.S.C.§1681i of the FCRA to forward a consumer dispute verification (CDV) form

to the furnisher, requiring it to verify the credit information and investigate its accuracy. After receiving notice of such a dispute from a CRA, a furnisher has 5 mandatory duties it must perform within 30 days:

> (1) to conduct "an investigation" with respect to the disputed Information;
>
> (2) to "review all relevant information" provided by the Credit reporting agency;
> (3) to "report the results of its investigation" back to the credit reporting agency;
> (4) if the investigation finds the existing information is incomplete or inaccurate, to report back to those results to each of the consumer reporting agencies to who the furnisher originally communicated information about the consumer; and
> (5) to "modify,….delete….or permanently block" the Reporting of any item of information found to be Inaccurate after a reinvestigation. 15 U.S.C.§1681s-2(b)(1)

17. In 15 U.S.C.§1681s-2(b) duties arise only after a furnisher receives notice of dispute from a CRA. Notice of a dispute to a furnisher by a consumer directly does not trigger a furnisher's duty to reinvestigate under 15 U.S.C.§1681s-2(b). The consumer must dispute to a CRA, which, in turn, forwards the dispute furnisher. This indirect "filtering" mechanism must be followed by a consumer to give rise to a duty of investigation *under the FCRA* to the furnisher. A furnisher need not honor a dispute received directly from the consumer, whether oral or written, under the FCRA Such a dispute, it should be noted, likely does create a legal obligation under 15 USC§1692g of the FDCPA which Plaintiff served upon defendant **"CARRINGTON MORTGAGE SERVICES, LLC"**.

18. Plaintiff notified Defendant DEBT COLLECTOR of its dispute by fax , and defendant DEBT COLLECTOR also received notice from the three major credit reporting agencies Equifax, Experian, and Transunion. Defendant

"**CARRINGTON MORTGAGE SERVICES, LLC**" failed to delete information found to be inaccurate and erroneous, and/or failed to property investigate the Plaintiff's disputes.

19. Plaintiff alleges that at all relevant times Defendant DEBT COLLECTOR failed to maintain, and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, concerning the accounts in question, violating 15 U.S.C.§1681 e(b).  Plaintiff alleges that Defendant "PDF" failed to conduct a proper and lawful reinvestigation.

20.     All action taken by the Defendant "DEBT COLLECTOR",  were done in malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or their actions were taken in violation of the FCRA and state law and/or they knew or should have known that their action were in reckless disregard of the FCRA and state law.  Defendants and each of their acts constitutes multiple willful non-compliance with FCRA.

21.     All of the  violations of the FCRA proximately caused the injuries and the damages to Plaintiffs as set forth in this Complaint.  The FCRA requires the following of the Defendant Equifax;

  (1) Prompt Notice of Dispute to Furnisher of Information

        (A) *In general.* Before the expiration of the 5-business-day period beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer or a reseller in accordance with paragraph (1) the agency shall provide to the person who provided the information in dispute all relevant information regarding the dispute that is received by the agency from the consumer or the reseller.

        (B) *Provision of other information.*  The consumer reporting agency Shall promptly provide to the person who provided the information in dispute

That is received by the agency from consumer or the reseller after the period referred to in subparagraph (A) and before the end of the period referred to in paragraph (1)(A)

(2) *Consideration of consumer information.* In conducting any reinvestigation under paragraph (1)(A) with respect to such disputed information.

(3) Treatment of Inaccurate or Unverifiable Information

(A) *In general.* If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall-

(i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and

(ii) promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer.

22.   Plaintiff has been significantly harmed by defendant "**CARRINGTON MORTGAGE SERVICES, LLC**" due to the erroneous reporting of the alleged debt.  Due to defendants acts, Plaintiff has suffered damages that led to multiple denials of credit.  The multiple denials of credit were a direct reflection of defendants erroneous credit reporting.  Plaintiffs credit based on a deteriorated credit score and credit worthiness.  Defendant negligent and noncompliant acts may have been direct violation of 15 USC§1681(n) and 15 USC §1681(o) respectively.

23. Therefore, Plaintiff demands judgment for damages against Defendant "DEBT COLLECTOR" for actual damages, punitive damages, and statutory damages of $1,000.00 attorney fees, and costs pursuant to 15 USC§1681(n) and 15 USC§1681(p).

V.                          **THIRD CAUSE OF ACTION**
                              **INVASION OF PRIVACY**
                                   (DEFENDANT)

24.  Paragraph 1 – 25 are re-alleged as though fully set out herein.

25.  Defendant **"CARRINGTON MORTGAGE SERVICES, LLC"** is a "debt collector" and a stranger to the Plaintiff.  Plaintiff has no contractual relationship with defendant **"CARRINGTON MORTGAGE SERVICES, LLC"** and has never applied for credit or services with the defendant.

26.  Plaintiff's right to privacy are also an enumerated Constitutional right, both in the State and Federal Constitution.  Plaintiff has been damaged in that their proprietary, confidential, most personal information was unlawfully and illegally breached by defendant "DEBT COLLECTOR".  Importantly Plaintiffs are most concerned with the fact that Plaintiff "did not" provide their social security number to either defendant "DEBT COLLECTOR". Plaintiff support this assertion by the mere fact that no credit, application or services was applied nor received from the defendant "DEBT COLLECTOR".

27.  Plaintiff has a right to discovery, to determine where Defendant obtained their personal, private information from.  Specifically Plaintiff will investigate through discovery where defendant obtained Plaintiffs social security number from, and what additional proprietary information was obtained by the defendant illegally and unlawfully, and how that information is being used.  Defendant DEBT COLLECTOR may also be guilty of identity theft under state and federal law.

28.  Therefore defendant **"CARRINGTON MORTGAGE SERVICES, LLC"** is liable to Plaintiff for actual punitive, consequential, compensatory damages in an amount determine at trial or by the court.

**VI.**                          **FOURTH CAUSE OF ACTION**
**NEGLIGENT, WANTON, AND/ORINTENTIONAL HIRING**
**AND SUPERVISION OF INCOMPETENT EMPLOYEES OR**
**AGENTS, AND**
                          (DEFENDANT)

29. Paragraph 1 – 61 are re-alleged as though fully set out herein.

30. Defendant **"CARRINGTON MORTGAGE SERVICES, LLC"** was aware of their wrongful conduct in creating an alleged debt Plaintiffs are not obligated to, or are not able to discern the amount and character of the alleged debt. Defendant knew and approves of its incompetent employees and agents, attorney debt collectors, repossession agents, and debt collection against the Plaintiff.   Defendant **CARRINGTON MORTGAGE SERVICES, LLC** negligently, wantonly, and/or intentionally hired, trained, retained, and/or supervised incompetent debt collectors in defendant **CARRINGTON MORTGAGE SERVICES, LLC** is therefore responsible and liable to the plaintiff for the wrongs committed against them, and the substantial damages suffered by Plaintiffs.

31.  Therefore Plaintiffs is entitle to punitive, consequential, actual, and special damages, and any other such damages the court deems necessary.

**VII.**                          **SIXTH CAUSE OF ACTION**

**VIOLATION OF 15 USC 1692, FAIR DEBT COLLECTIONS PRACTICES ACT**

32.    Paragraph 1 – 41 are re-alleged as though fully set out herein.

33.    All paragraphs of the Complaint are expressly adopted and incorporated herein as if fully set forth herein.

34.    Plaintiff is "consumer" as defined in 15 USC§1692a(3).   Defendants **"CARRINGTON MORTGAGE SERVICES, LLC"** are 'debt collectors" as defined in 15 USC§1692a(6).  Defendants were attempting to collect a debt for "household purposes" 15 USC§1692a(5).

35.     Plaintiffs served defendant and each of them were served notice with a Notice of Dispute in compliance with 15 USC§1692g.  15 USC§1692g requires defendant to provide Plaintiffs with verification of the alleged debt once received.   15 USC§1692g(5)(b) requires defendant to cease all collections activity until the debt collector obtains verification of the alleged debt.  Defendants and each of them has §failed to provide one scintilla of proof of their alleged debt.  However defendants continue to make attempts at collection of the alleged debt through erroneous credit reporting, and illegal acts of foreclosure.

36.     Defendants violated the FDPCA, and caused damages to Plaintiff by their failure to comply with the Act.  Defendant's violation include, but are not limited to the following:

   a. Defendant violated 15USC§1692d of the FDCPA by engaging in conduct that natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt and;

   b. Defendant violated 15USC§1692(j) of the FDCPA by using unfair or unconscionably means in connection with the collection of an alleged debt;

   c. using unfair or unconscionable means to collect or attempt to collect a debt, in violation of 15 USC§1692f;

   d. Defendant violated the 15 USC§1692(e)(8) requires debt collectors to communicate to the disputed stats of a debt if the debt collector "knows or should know" that the debt is disputed, standard requires no notification by the consumer, written or oral, and instead, depends solely on the debt collector's knowledge that a debt is disputed, regardless of how or when the knowledge is "acquired."

37.     Specifically defendant "DEBT COLLECTOR" knew it was not entitled to collected on the non-existent debt.

38.     Defendants were fully aware that each of them were/are unable to provide performance contract executed by Plaintiff, whereby Plaintiff are obligated to defendants.

39.     Therefore defendants are liable to Plaintiffs for damages to their consumer credit report which resulted in higher auto insurance premiums, higher interest rates, emotional, mental stress, insomnia, embarrassment, loss of sleep, anxiety,  and other related damages due to defendant's act.

Dated: January 10, 2014

ROBERT H. O'CONNOR, *Plaintiff*
3157 BAKER ST
SAN FRANCISCO, CA 94123

EXIHIBIT A

x

# CARRINGTON
**MORTGAGE SERVICES, LLC**

P.O. Box 54285 Irvine, CA 92619-4285

+ 0415121 000000267 09CMHL 0940050
JO ANN O'CONNOR
3123 HILLSIDE DR
BURLINGAME CA 94010-5952

February 01, 2013

Re: Carrington Mortgage Services Loan #: 7000042233
Bank of America N.A. Loan #: 120028837

Dear Customer(s):



This letter serves as notification* that the servicing of your mortgage loan, that is the right to collect payments from you, is transferred from Bank of America N.A. to Carrington Mortgage Services, LLC ("CMS") effective January 21, 2013. This transfer does not in any way affect the terms of your mortgage note except those terms directly related to the servicing of your loan. The transfer of servicing is a common practice in the mortgage banking industry.

Bank of America N.A. will accept payments from you through January 20, 2013. Please send all payments after January 20, 2013 to CMS at the specified address below. If your payments are made by a third party, please notify them of this change of payee as soon as possible.

CMS will begin accepting your payments on January 21, 2013. A billing statement from CMS will be mailed to you shortly under separate cover. However, if you have not received your billing statement prior to your next payment due date; please forward your check to:

Carrington Mortgage Services, LLC
Attn: Cashiering
P.O. Box 54285
Irvine, CA 92619-4285

Please include your new CMS loan number as specified at the top of this letter on your check and all future correspondence.

If your monthly payment is being electronically drawn from your checking or savings account by Bank of America N.A., this process will be discontinued in connection with the servicing transfer. Please visit our website at myloan.carringtonms.com, or contact one of our Customer Service Representatives, toll-free, at **1-800-561-4567**, for available payment options.

If you have been including premiums for life, disability, accidental death, or any other type of optional insurance, this coverage will be discontinued. You should contact the provider of the optional insurance or other membership product directly regarding continued availability or for alternative options.

If you have questions related to the transfer of servicing from your _**prior**_ servicer, please contact their Customer Service Department's toll free number at 800-669-6607 between the hours of 7:00am - 7:00pm Local Time Mon - Fri or you may write to:

Bank of America N.A.
P. O. Box 5170
Simi Valley, CA 93062-5170

\*This notification is a requirement of Section 6 of the Real Estate Procedures Act (RESPA) (12 U.S.C. 2605).

Except in limited circumstances, the law requires that your present servicer send you this notice at least 15 days before the effective date of transfer. The new servicer must also send you a similar notice no later than 15 days after the effective date.

You should also be aware of the following information, which is set out in more detail in Section 6 of RESPA (12 U.S.C. 2605):

During the 60-day period following the effective date of the transfer of loan servicing, a loan payment received by your old servicer before its due date may not be treated by the new loan servicer as late, and a late fee may not be imposed on you.

Section 6 of RESPA (12 U.S.C. 2605) gives you certain consumer rights. If you send a "qualified written request" to your loan servicer concerning the servicing of your loan, your servicer must provide you with a written acknowledgment within 5 Business Days of receipt of your request. A "qualified written request" is a written correspondence, other than notice on a payment coupon or other payment medium provided by the servicer, which includes your name and account number, and your reason for the request. If you wish to send a "qualified written request" regarding the servicing of your loan, it must be sent to:



> Carrington Mortgage Services, LLC
> Attention: Customer Service Department
> P.O. Box 54285
> Irvine, CA 92619-4285

Not later than 30 Business Days after receiving your request, your servicer must make the appropriate corrections to your account, and must provide you with a written clarification regarding any dispute. During this 30-Business-Day period, your servicer may not provide information to a consumer reporting agency concerning any overdue payment related to such period or qualified written report. However, this does not prevent the servicer from initiating foreclosure if proper grounds exist under the mortgage documents.

A Business Day is a day on which the offices of the business entity are open to the public for carrying on substantially all of its business functions.

Section 6 of RESPA also provides for damages and costs for individuals or classes of individuals in circumstances where servicers are shown to have violated the requirements of that Section. You should seek legal advice if you believe your rights have been violated.



**CARRINGTON**
MORTGAGE SERVICES, LLC

P.O. Box 54285 Irvine, CA 92619-4285

### NOTICE
*Pursuant to Fair Debt Collection Practices Act*
*15 U.S.C. Section 1692, et seq.*

CMS Loan #:  7000042233
Current Creditor: c/o Christiana Trust; Christiana Trust A Division of  Wilmington Savings Fund Society FSB as
                 trustee for Stanwich Mortgage Loan Trust Series 2012-17
Current Servicer: Carrington Mortgage Services, LLC (CMS)

Dear Borrower:



This Notice is to remind you that you owe a debt.   As of the date of this Notice, the amount of the debt you owe
is $1125489.49.

In addition, we would like to advise you that you have thirty (30) days after receipt of this Notice to dispute the
validity of the above debt, or any portion thereof, and if you do not do so, we will assume the debt is valid.  If you
notify us in writing within this thirty (30) day period that you dispute the debt, or any portion thereof, we will obtain
verification of the debt or a copy of a judgment against you and a copy of such verification or judgment will be
mailed to you by us.

Furthermore, you have thirty (30) days after the receipt of this Notice to request the name and address of the
original creditor, if different from the current creditor.  Upon receipt of a written request from you within this thirty
(30) day period, we will provide you with the name and address of your original creditor, if different from your
current creditor.

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require
that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m.  They
may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use
false or misleading statements or call you at work if they know or have reason to know that you may not receive
personal calls at work.  For the most part, collectors may not tell another person, other than your attorney or
spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment.
For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-
FTC-HELP or www.ftc.gov.

If you have any questions concerning this loan, please call our toll free number at 1-800-561-4567. Our office
hours are from 7:00 a.m. to 6:00 p.m., Pacific Time, Monday through Friday.

**YOU HAVE THE RIGHT TO MAKE A WRITTEN REQUEST TO CMS TO CEASE FURTHER
COMMUNICATION WITH YOU. A WRITTEN REQUEST TO CEASE COMMUNICATION WILL NOT PROHIBIT
CMS FROM TAKING ANY OTHER ACTION AUTHORIZED BY LAW TO COLLECT THE DEBT.**

### IMPORTANT BANKRUPTCY NOTICE
If you have been discharged from personal liability on the mortgage because of bankruptcy proceedings and have not
reaffirmed the mortgage, or if you are the subject of a pending bankruptcy proceeding, this letter is not an attempt to collect
a debt from you but merely provides informational notice regarding the status of the loan.  If you are represented by an
attorney with respect to your mortgage, please forward this document to your attorney.

### CREDIT REPORTING
We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on
your account may be reflected in your credit report.  As required by law, you are hereby notified that a negative credit report
reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit
obligations.

+ 0415121 000000267 09CMHL 0940050

**-MINI MIRANDA**

This communication is from a debt collector and it is for the purpose of collecting a debt and any information obtained will be used for that purpose. This notice is required by the provisions of the Fair Debt Collection Practices Act and does not imply that we are attempting to collect money from anyone who has discharged the debt under the bankruptcy laws of the United States.

**-HUD STATEMENT**

Pursuant to section 169 of the Housing and Community Development Act of 1987, you may have the opportunity to receive counseling from various local agencies regarding the retention of your home. You may obtain a list of the HUD-approved housing counseling agencies by calling the HUD nationwide toll free telephone number at (800) 569-4287.

**-EQUAL CREDIT OPPORTUNITY ACT NOTICE**

The Federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, or age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has, in good faith, exercised any right under the Consumer Credit Protection Act. The Federal Agency that administers CMS' compliance with this law is the Federal Trade Commission, Equal Credit Opportunity, Washington, DC 20580.

EXIHIBIT B

# BUTLER, PHELPS, KAUFMAN

## ASSOCIATES

P.O. Box 91053
Henderson, NV  89009
888-250-6713 - Office
888-250-5074 - Fax

July 29, 2013

Jo Ann O'Connor
**Acct. #7000042233**
3123 Hillside Dr.
Burlingame, CA.  [94010]

Carrington Mortgage Services, LLC
**Attn: Foreclosure Department**
PO Box 54285
Irvine, CA.  92619-4285

Re: Discrepancy/Pending Foreclosure

To Whom It May Concern:

The above-named homeowner(s) has hired us to assist them in resolving their discrepancy with the purported lender, who claims to be owed money by the homeowner for a loan number **7000042233,** in the amount of **$850,000.00**for the purchase of their property located at **3123 Hillside Dr., Burlingame, CA.  [94010]**.

Please be advised that this letter is our **formal dispute in this matter as well as our formal request for the information requested**; which will provide us clarity on the purported loan with Countrywide Homes Loans (the original lender), according to the deed of trust.

Please provide us with a copy of loan document(s), a copy of the cancelled check with our client endorsement, and bank stamp indicating that it was received, and cashed by our client, a copy of the wire transfer showing these funds being wired into our clients account at the time of the transaction, or any other documentation that you might have that would substantiate the claim that a loan was given, and received by our client.

You should know that as we have a third-party authorization (copy attached), you have no legal justification for failing to provide us with this information if it actually exist.

Please be advised that **your claim is now in dispute**, and we expect you to act in good faith, abiding by the Fair Debt Collection Practices Act and Fair Debt Credit Reporting act, by postponing, cancelling, and/or suspending any and all schedules sales on the property, as well as suspending any negative reporting to the credit bureaus until this discrepancy is resolved without recourse.

You should know that a copy of this document, and all other correspondence will be recorded in the county recorder's office where the property is located as a matter of record.

Please ensure that all responses contain a name, title, contact phone, and fax number of a qualified point of contact, as our questions are specific in nature and we are aware that not just any customer service representative will be able to address any further concerns which might arise.

We expect your response to our request within twenty-one (21) days from the date of this letter.

If there is a pending sale date on this property we again expect you to act in good faith and abide by your legal obligation to advise the trustee, and any other pertinent party of this discrepancy, instructing them to immediately cease, and desist any foreclosure sale until further written notification.

Please be advised if you are the trustee, attorney or debt collector acting on behalf of the purported lender, and move forward with a sale regardless of your receipt of this notification, you will be held liable to the fullest extent of the law.

If for any reason you are unable or refused to provide us with the requested documentation please supply us with written correspondence explaining your denial of our request.

Thank you for your prompt attention, understanding, and cooperation regarding this matter.

Sincerely,

*Kimberly Johnson*

Butler, Phelps, Kaufman & Associates

## CERTIFICATE OF SERVICE

I certify that a copy of this Summons and Complain will be served upon defendant(s) party listed below in compliance with FRCP Rule -4

**CARRINGTON MORTGAGE SERVICES, LLC**
555 Capitol Mall
SACRAMENTO, CA  95814

JO ANN O'CONNOR
3123 Hillside Dr
Burlingame, Ca.  94010

US DISTRICT COURT OF _____

| | |
|---|---|
| **CARRINGTON MORTGAGE SERVICE** ) *Alleged Plaintiff* ) ) ) vs. ) **JO ANN O'CONNOR** ) ) *Defendant in Error* ) _____ ) | CASE NO: **CONSUMER NOTICE OF** **DISPUTE OF DEBT** |

**JO ANN O'CONNOR,** pursuant to 15 USC§1692g, Fair Debt Collection Practices Act ("FDCPA) hereby disputes the alleged debt Plaintiff claims in the above titled matter. Therefore this Notice shall be deemed a request/demand for "verification" and debt validation request as defined by 15 USC§1692(g)(1)(2)(5)(b) and CALIFORNIA Consumer Protection Statutes/Laws.

Defendant **JO ANN O'CONNOR** hereby requests validation  pursuant to 15 USC§1692.  Specifically, I dispute as to the identity of the true owner (if any) of the alleged debt, the alleged amount due, and owing, I dispute all signatures appearing on the Plaintiff's unauthenticated hearsay documents, and the plaintiffs alleged authority and capacity to collect and or sue on behalf of the same.  Alleged Plaintiff and "debt collectors" as that term is defined by 15 USC§1692a (6).

Defendant **JO ANN O'CONNOR** is a "consumer" as that term is defined by 15 USC§1692a (3).    Plaintiff **CARRINGTON MORTGAGE SERVICE** is attempting to collect a "household debt" as that term is defined by 15 USC§1692a (5).

Lastly Defendants reviewed their consumer credit reports upon viewing whereby it was revealed alleged Plaintiff  **CARRINGTON MORTGAGE SERVICE** is reporting an alleged mortgage debt account.  I request Plaintiff to delete the in accurate information immediately pursuant to 15 USC§1681 et, al. Parties must comply with the request timely and completely.  Failure to provide the above documentation will result in Defendant **JO ANN O'CONNOR** filing a counterclaim for damages.

Dated: _____1/10/14_____

_____
JO ANN O'CONNOR, *Defendant*

## CERTIFICATION OF SERVICE

I certify that the above document styled Notice of Dispute was served upon the
defendant name below by US First Class Mail;

CARRINGTON MORTGAGE SERVICE
C/O C T CORPORATION SYSTEM
555 Capitol Mall Ste. #100
Sacramento, Ca.  95814