UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JO ANN OCONNOR ET AL, | No. C-14-00210 DMR |
| Plaintiffs, | **ORDER RE DEFICIENCIES IN MOTION FOR DEFAULT JUDGMENT [DOCKET NO. 10]** |
| v. | |
| CARRINGTON MORTGAGE SERVICES LLC, | |
| Defendant. | |

On March 25, 2014, Plaintiffs Jo Ann O'Connor and Robert H. O'Connor filed a motion for default judgment. [Docket No. 10.] Plaintiffs did not comply with Civil Local Rule 7-2 in that they did not notice their motion for a hearing on the motion calendar of the undersigned not less than 35 days after service of the motion. Plaintiffs also did not submit a memorandum of points and authorities in support of the motion. *See also* N.D. Civ. L.R. 7-4 (setting forth requirements for memorandum of points and authorities; memorandum "must contain . . . succinct statement of the relevant facts; and . . . [a]rgument by the party, citing pertinent authorities."). Therefore, Plaintiffs shall re-file a properly-noticed motion for default judgment by **April 11, 2014.**

In their re-filed motion, Plaintiffs must explain their entitlement to the entry of default judgment pursuant to the factors enumerated in the Ninth Circuit's decision in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In addition, before assessing the merits of a default judgment, a court must confirm that it has subject matter jurisdiction over the case and personal jurisdiction over

the parties, as well as ensure the adequacy of service on the defendant. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). Therefore, Plaintiffs must address whether this court has personal jurisdiction over Defendant as well as the adequacy of service on the Defendant, including evidence or argument that service on "Jan Lipides, Agent for Service of Process," was adequate to effect service on Defendant pursuant to Federal Rule of Civil Procedure 4(e). Finally, in order to recover damages after securing a default judgment, a plaintiff must prove the relief it seeks by submitting proper evidence by way of a sworn affidavit. *Bd. of Trs. of the Boilermaker Vacation Trust v. Skelly, Inc.*, 389 F. Supp. 2d 1222, 1226 (N.D. Cal. 2005); *see Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002) (citing *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). Plaintiffs must submit evidence supporting their request for $1,200,000.00 plus interest.

The court refers Plaintiffs to the section "Representing Yourself" on the Court's website, located at http://cand.uscourts.gov/proselitigants, as well as the Court's Legal Help Centers for unrepresented parties. In San Francisco, the Legal Help Center is located on the 15th Floor, Room 2796, of the United States Courthouse, 450 Golden Gate Avenue, San Francisco. In Oakland, the Legal Help Center is located on the 4th Floor, Room 470S, of the United States Courthouse, 1301 Clay Street, Oakland.

Immediately upon receipt of this Order, Plaintiff shall serve Defendants with a copy of this Order and file a proof of service with the court. In addition, at the time Plaintiffs re-file their motion for default judgment, they must serve Defendant with a copy of their motion and file a proof of service with the court.

IT IS SO ORDERED.

Dated: March 26, 2014



DONNA M. RYU
United States Magistrate Judge

2